IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JOSEPH BROWN,           *

    Plaintiff,        *

    v.                *       CIVIL NO.: WDQ-14-2442

MARTIN O'MALLEY, et al., *

    Defendants.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Joseph Brown, *pro se*, sued Governor Martin O'Malley and others[1] alleging numerous civil and criminal violations. Pending are multiple motions to dismiss, the Plaintiff's motions to strike, and the Plaintiff's motion for default. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the Defendants' motions to dismiss will be granted; all other motions will be denied.

---

[1] The other defendants are Doug Gansler (Maryland Attorney General), E. Atkins (police officer), Nicholas Hynes (police officer), TFC Woodward, Martin McGuire (Assistant State's Attorney), Judge Joan B. Gordon, Judge Cathleen M. Sweeley, Judge Kathleen M. O'Malley, Judge Halee F. Weinstein, Judge Ruth A. Jakubowski, Judge Robert E. Cahill, Jr., Judge Judith Ensor, Judge Jan Alexander, Lauren Stone (Assistant State's Attorney), Thomas Miller (Maryland Senate President), Karl Colder (special agent), Marcus Sanders (police officer), Darrel London (police officer), Michael Vaughn (police officer), Joseph DiPrimo (Executive Director of Maryland's Child Support Enforcement Administration), Gregg Bernstein (then State's Attorney for Baltimore City), Cerone Anderson (Assistant State's Attorney), Judge Philip Tirabassi, and Judge Dorothy Wilson. ECF No. 1.

I.   Background[2]

On June 27, 2014, the Plaintiff sued the Defendants in the United States District Court for the District of Columbia. ECF No. 1. On July 11, 2014, the case was transferred to this Court. ECF No. 3.

The complaint is 38 pages long and alleges that the Defendants have committed numerous civil and criminal infractions, including perjury, treason, advocating to overthrow the federal government, racketeering, kidnapping, extortion, and passing unconstitutional statutes. See, e.g., ECF No. 1 at 3-7. The Plaintiff also makes claims under admiralty and commercial law. See id. The complaint is devoid of any factual allegations other than conclusionary statements that the Defendants have violated the law and the statement, "I Believe That There Is No Evidence To The Contrary! We've been in Commerce this Whole time, have we not (27 CFR 72.110)?"[3] See, e.g., id. at 9.

---

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[3] The complaint is almost identical (including the phrase, "I Believe That There Is No Evidence To The Contrary! We've been in Commerce this Whole time, have we not?") to the complaint that was dismissed by Judge Hollander in Aaron Frederick Lemon

II.  Analysis

    A.  Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief may be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the

---

*v. Governor Martin O'Malley*, No. ELH-14-2052, Dkt. 6 (July 14, 2014).  It also "espouse[s] the same rhetoric used by various anti-government groups such as the Moorish Americans, Sovereign Citizens, and the Flesh and Blood movement."  *Id.* at 1; *see also* ECF No. 1.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

    B.   The Plaintiff's Allegations

Although the Court construes *pro se* complaints liberally,[4] it "is not obliged to ferret through a complaint, searching for viable claims."[5] *Lemon v. O'Malley*, No. ELH-14-2052, Dkt. 6 at 2. The complaint contains no information about when, where, or how the numerous alleged violations occurred, and "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be." *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981) (quoting *DeFina v. Latimer*, 79 F.R.D. at 7).

---

[4] *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

[5] *See also DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977) ("The instant complaint . . . places an unjustifiable burden . . . on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors . . . .").

The complaint does not contain a short and plain statement of *any* claim showing that the Plaintiff is entitled to relief, and does not provide the Defendants with "fair notice of what the [P]laintiff's claim[s] [are] and the grounds upon which [they rest[]]." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41. 47 (1957)). Accordingly, the Court will grant the motions to dismiss. *See Beaudett v. Cty. Of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

C.  Other Outstanding Motions

Instead of filing responses to the various motions to dismiss, the Plaintiff moved to strike the motions. *See* ECF Nos. 15, 23, 24, 27, 33. Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit "generally view[s] [motions to strike] with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (2d ed.1990)).

Here, the Plaintiff has made no showing that the motions to dismiss were "redundant, immaterial, impertinent, or

scandalous." *See, e.g.,* ECF No. 15. Further, the Court has determined that the motions to dismiss are meritorious. Accordingly, the Court will deny the motions to strike.

The Plaintiff has also moved for entry of a default judgment. ECF No. 35. Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. In reviewing a motion for default judgment, the plaintiff's well-pled factual allegations about liability are accepted as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

Entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). However, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (internal quotations omitted)).

In this case, all the Defendants have appeared and filed motions to dismiss. Accordingly, the Court will deny the motion for default judgment.

III. Conclusion

For the reasons stated above, the Defendants' motions to dismiss will be granted; all other motions will be denied.

\_\_2/24/15_____    _____
Date                                William D. Quarles, Jr.
                                    United States District Judge